**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X     __-CV-_____
JOSEPH DELORENZO,

                              Plaintiff,     **COMPLAINT**

                 - against -

SPARTAN SECURITY SERVICES, INC., and     **PLAINTIFF DEMANDS**
TEMCO SERVICE INDUSTRIES, INC.            **A TRIAL BY JURY**

                            Defendants.
------------------------------------------------------------------X

        Plaintiff Joseph Delorenzo, by his attorneys, Phillips & Associates, Attorneys at Law, PLLC, brings this Complaint against the Defendants, Spartan Security Services, Inc. and Temco Service Industries, Inc., and alleges as follows:

## NATURE OF THE CASE

        1.      Plaintiff brings this action pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"), against the Defendants for interference with, and retaliation against, the Plaintiff in response to Plaintiff's request for FMLA leave.  Plaintiff further brings claims for employment discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and the New York City Human Rights Law, N.Y.C. Admin. Code 8-107 *et. seq.* ("NYCHRL").  The Plaintiff, a security guard employed by Defendants, requested intermittent FMLA leave to care for his wife, who had been diagnosed with breast cancer and was undergoing surgery and chemotherapy treatments.  Defendants terminated Plaintiff shortly after Plaintiff informed them of his wife's condition.  By this action, Plaintiff demands all remedies available in law and equity, including but not limited to lost wages, liquidated damages, compensatory damages, punitive damages, and attorney's fees and costs.  Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiff's federal and state law claims derive from a common nucleus if operative facts and form part of the same case or controversy under Article III of the United States Constitution.

4.      This Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which claims in this action are based with the Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC on December 12, 2017.

7.      This Action is being commenced with ninety days of receipt of the Notice of Right to Sue.

## PARTIES

8.      Plaintiff **Joseph Delorenzo** is a citizen of New York and resides in Staten Island, New York.

9.      Defendant **Spartan Security Services, Inc.** ("Spartan") is a domestic corporation with its principal headquarters located at 417 Fifth Avenue, 9th Floor, New York, New York 10016.  Spartan's registered agent for service of process is CT Corporation System located at 111

Eighth Avenue, New York, New York 10011.  Upon information and belief, at all times relevant Spartan employed no less than 50 people within 75 miles.

10. Defendant **Temco Service Industries, Inc.** ("Temco") is a Delaware corporation with its principal headquarters located at 417 Fifth Avenue, 9th Floor, New York, New York 10016.  Temco's registered agent for service of process is CT Corporation System located at 111 Eighth Avenue, New York, New York 10011.  Upon information and belief, at all times relevant Temco employed no less than 50 people within 75 miles.

11. Spartan is a wholly owned subsidiary of Temco.

## FACTUAL ALLEGATIONS

12. Mr. Delorenzo began working for Spartan in September 2012.  His rate of pay was $20 per hour.  Plaintiff's job title was "Supervisor of Security Guards."  Spartan placed Plaintiff at 335 Madison Avenue, New York, NY, to act as a security guard for the building.

13. Plaintiff performed all of his job duties in an exemplary manner, and never received any criticism of his work.

14. In 2016, Spartan scheduled Mr. Delorenzo to work the night shifts Monday through Friday at the 335 Madison Avenue location.

15. On December 6, 2016, Mr. Delorenzo's wife, Mrs. Delorenzo, was diagnosed with breast cancer.  Mrs. Delorenzo was scheduled to undergo surgery for a double mastectomy on Friday, December 23, 2016, and for a follow up appointment on Friday, December 30, 2016, to remove drains which would be put in during surgery.

16. On December 14, 2016, Mr. Delorenzo informed his direct supervisor, Richard Stark, that Mr. Delorenzo's wife had been diagnosed with breast cancer and that Mr. Delorenzo

would need to take off from work the next few Fridays so that he could take care of his wife during and after her surgery. Mr. Stark responded, "no problem, anything you need."

17. Mr. Delorenzo is the primary caretaker for his wife. Mr. Delorenzo's request for leave to care for his wife constituted a request for leave pursuant to the Family Medical Leave Act.

18. Mr. Delorenzo worked more than 1,250 hours for Spartan during the twelve months prior to his request for FMLA leave.

19. Mr. Delorenzo then asked his coworker "Bobby", if Bobby would be able to cover Mr. Delorenzo's shifts on these Fridays. Bobby stated that he would be able to cover Mr. Delorenzo's shifts.

20. Mr. Delorenzo took off from work on December 23, 2016 and December 30, 2016 to care for his wife during her breast cancer surgery and post-operation procedure.

21. On January 17, 2017, Mr. and Mrs. Delorenzo learned that Mrs. Delorenzo would need to undergo chemotherapy treatment once a week for three-to-four months. These chemotherapy sessions were scheduled for every Friday beginning on January 27, 2017. Due to the significant side-effects caused by chemotherapy treatment, Mr. Delorenzo needed to be with his wife to drive her to and from the hospital, as well as to care for her while she was undergoing the chemotherapy treatments.

22. Mr. Delorenzo then informed Mr. Stark that Mr. Delorenzo's wife would be undergoing chemotherapy treatments every Friday for three-to-four months, that Mr. Delorenzo needed to care for his wife during and after her chemotherapy treatments, and that Mr. Delorenzo was therefore requesting leave from his Friday shift for the next three-to-four months.

23. This request by Mr. Delorenzo constituted a request for leave pursuant to the Family Medical Leave Act.

24. Mr. Stark initially granted Mr. Delorenzo's leave request.

25. Mrs. Delorenzo's first chemotherapy treatment session took place on Friday, January 27, 2017. Mr. Delorenzo took leave from his Friday shift to care for his wife.

26. However, on February 3, 2017, Mr. Stark called Mr. Delorenzo and stated that Spartan would be terminating Mr. Delorenzo. Mr. Stark stated that, although he knew Mr. Delorenzo "has a good reason" for not being able to work on Fridays, Mr. Stark was terminating Mr. Delorenzo because he "can't work on Fridays."

27. Upon hearing this news, Mr. Delorenzo pleaded to remain at his job, and stated that, if Spartan would not grant his request for leave, Mr. Delorenzo would find a way to report to work for his Friday shifts.

28. Despite this, Defendants proceeded to terminate Mr. Delorenzo anyway. Upon information and belief, Defendants continued with their termination of Mr. Delorenzo due to their belief that he would miss more days of work in the future due to his wife's disability.

29. Defendants violated the Family Medical Leave Act when they terminated Plaintiff due to his taking leave to care for his spouse who was suffering from a serious health condition.

30. Defendants' actions were willful and malicious and done with full knowledge of both the law and of Mr. Delorenzo's request for leave and the reasons for his request.

31. Defendants discriminated against the Plaintiff when they terminated him based on his wife's disability.

### FIRST CAUSE OF ACTION
### INTERFERENCE UNDER THE FAMILY MEDICAL LEAVE ACT

32. Plaintiff repeats and realleges each paragraph above.

33. The FMLA requires that covered employers give eligible employees twelve weeks of unpaid leave per year to care for a spouse with a serious health condition.

34. As alleged herein, Plaintiff gave his employer notice of his request for leave to care for his wife who was suffering from a serious health condition.

35. Plaintiff was entitled to leave under the FMLA.

36. Defendants interfered with Plaintiff's rights under the FMLA when they refused to allow Plaintiff to take leave pursuant to the FMLA to care for his wife.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

37. Plaintiff repeats and realleges each paragraph above.

38. The FMLA prohibits employers from retaliating or otherwise taking adverse employment actions against an employee who exercises his rights under the FMLA.

39. As alleged herein, Plaintiff requested leave to care for his wife who was suffering from a serious health condition.

40. As alleged herein, Plaintiff gave Defendants notice of his request for leave as well as notice that the requested leave was needed in order to provide care for his wife who was suffering from breast cancer.

41. Defendants violated the provisions of the FMLA when they terminated Plaintiff in response to his request for FMLA leave.

42. Defendants' actions were willful and malicious.

## THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE ADA

43. Plaintiff repeats and realleges each paragraph above.

44. The Americans With Disabilities Act, Section 12112(b)(4), prohibits covered employers from discriminating against a qualified employee because of that employee's relationship with a person having a disability.

45. As alleged herein, Defendants knew of Plaintiff's relationship with his wife, and knew of Plaintiff's wife's disability.

46. Defendants discriminated against the Plaintiff when they terminated him based on his association with his wife who was suffering from breast cancer.

## FOURTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION UNDER THE NYCHRL

47. Plaintiff repeats and realleges each paragraph above.

48. The NYCHRL prohibits covered employers from discriminating against an employee on the basis of disability.

49. As alleged herein, Plaintiff informed Defendants that his wife was suffering from a disability, breast cancer.

50. Defendants terminated Plaintiff because of his association to his wife, who was suffering from breast cancer.

## FIFTH CAUSE OF ACTION
## CAREGIVER STATUS DISCRIMINATION UNDER THE NYCHRL

51. Plaintiff repeats and realleges each paragraph above.

52. The NYCHRL prohibits employers from discriminating against employees based on an employee's status as a caregiver for a spouse with a covered disability.

53. Plaintiff was a caregiver, as defined by the NYCHRL, for his wife, who was suffering from breast cancer and the side-effects of chemotherapy treatments.

54. As alleged herein, Defendants had notice that Plaintiff was a caregiver to his wife, and Defendants had notice that Plaintiff's wife was suffering from breast cancer.

55. Defendants terminated Plaintiff based on his status as a caregiver for his disabled wife, in violation of the NYCHRL.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Joseph Delorenzo hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the Family Medical Leave Act, the Americans with Disabilities Act, and the New York City Human Rights Law;

B. Awarding damages to Plaintiff for all lost wages and benefits, back pay and front pay, as well as compensatory damages, resulting from Defendants' unlawful actions;

C. Awarding Plaintiff liquidated damages as allowed by law;

D. Awarding Plaintiff punitive damages to punish the Defendants for their unlawful conduct;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, NY
       January 8, 2018

                                         **PHILLIPS & ASSOCIATES,**
                                         **ATTORNEYS AT LAW, PLLC**

                                         _____/s/DSS_____
                                         David S. Schwartz, Esq. (DS5982)
                                         Dorina Cela, Esq.

*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431 (telephone)
Dschwartz@tpglaws.com
Dcela@tpglaws.com