```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOSEPH DELORENZO,                   :
                 Plaintiff,         :    18 Civ. 119 (LTS)(HBP)
    -against-                       :    MEMORANDUM OPINION
                                             AND ORDER
SPARTAN SECURITY SERVICES, INC.,    :
et al.,                             
                                    :
                 Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This action arises out of an employment dispute. According to the complaint, plaintiff began working for defendants as a security guard in 2012. In late 2016, plaintiff's wife was diagnosed with cancer, and plaintiff advised his employer that he would need to work a reduced schedule so that he could care for his wife while she recovered from surgery and chemotherapy. Plaintiff alleges that his request was initially accommodated, but that after a few weeks he was fired in February 2017. Plaintiff asserts claims for wrongful termination under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 et seq.

Although defendants admit the fact of plaintiff's employment, they deny the vast majority of the material allega-

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/18

tions. In addition, defendants allege that they did not terminate plaintiff's employment. Rather, they allege that he voluntarily terminated his employment.

The current dispute arises out of three subpoenas duces tecum defendants have served on Knight Security, Island Charter Bus Company and Finest Executive Protection, LLC -- entities that employed plaintiff after his employment with defendants ceased (collectively, the "Witnesses").[1] There appears to be no issue that plaintiff is no longer employed by any of the Witnesses. The subpoenas are identical in almost all material respects and seek all documents relating to:

> (1) [plaintiff's] compensation, performance, hours worked, and monies earned from the commencement of his employment with [the Witness] from January 1, 2015 to the present, including but not limited to W-2s, 1099s, and any other documents evidencing monies paid to [plaintiff], as well as performance evaluations; (2) the health and welfare benefits available to [plaintiff] and those selected by and received by [plaintiff], and other benefits available to and received by him; (3) [plaintiff's] work schedule, absences, discipline, suspension, termination from employment, grievances, arbitration, and agreements; (4) any resume and/or application materials [submitted] by [plaintiff] for employment with [Witness, Witness's] consideration of [plaintiff] for employment, and [Witness's] decisions concerning [plaintiff's] employment (such as hiring, termination, promotion, discipline) and the reasons for each decision; and (5) all correspondence, notes, and any other documents that constitute, re-

---

[1] Although it is not entirely clear from the parties' submissions, it appears that one of the Witnesses, Knight Security employed plaintiff prior to the termination of his employment with defendants.

2

flect, record, set forth or relate in any way to the employment of [plaintiff] by [Witness].

By letter dated August 15, 2018 (Docket Item 13), plaintiff seeks to quash the subpoenas, claiming they are overbroad and that the information they seek is irrelevant. Plaintiff also argues that the subpoenas will result in an increased likelihood of retaliation by his current employer. Plaintiff also notes that he has produced W-2s issued to him by the Witnesses, as well as those issued by his current employer. In addition, plaintiff has produced his work schedule for two of the Witnesses.

For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

To the extent the subpoenas seek compensation and benefit information as well as information concerning the number of hours worked for the period after February 3, 2017 -- the date on which plaintiff's employment with defendants ended -- the information sought is clearly relevant to plaintiff's post-termination damages and whether he has taken reasonable steps to mitigate his damages.[2] The fact that plaintiff has produced his

---

[2]In a wrongful termination case, back pay damages include the value of fringe benefits as well as direct compensation. "Back pay is 'an amount equal to the wages the employee would have earned from the date of [violation] to the date of [judgment], along with lost fringe benefits such as vacation pay and pension benefits.'" Noel v. N.Y. State Office of Mental Health Cent., 697 F.3d 209, 213 (2d Cir. 2012), quoting United
(continued...)

3

copies of some of the relevant documentation does not preclude defendants from seeking the information from a neutral source. Documents concerning any decision by a Witness to fire plaintiff are relevant for the same purpose. Any employment applications or resumes plaintiff submitted to a Witness after February 3, 2017 are also relevant to the issue of whether plaintiff resigned from his employment with defendants or defendants fired plaintiff. Employment applications frequently ask an applicant his reasons for leaving his prior employment.[3]

The balance of the information sought by defendants is not sufficiently relevant to be discoverable. The documents in this category include performance evaluations, documents concerning plaintiff's absences, discipline, suspension, grievances, arbitrations, the Witness's internal documentation concerning its decisions to hire, promote or disciple plaintiff and other documents concerning plaintiff's employment with the Witness. Given the subjective factors that go into many of the foregoing

---

[2](...continued)
States v. Burke, 504 U.S. 229, 239 (1992).

[3]I respectfully disagree with my colleague in the Eastern District of New York who reached a contrary result in Warnke v. CVS Corp., 265 F.R.D. 64 (E.D.N.Y. 2010). Given the stigma that attaches to a firing and the need that most individuals have to earn income to pay for the necessities of life, an individual who has been fired might, understandably, characterize an involuntary separation from employment as a resignation. Although an individual who may have engaged in such conduct would be entitled to explain it, there is no reason to deprive the adverse party of such evidence.

4

issues, their relevance to the issues here is substantially attenuated. In addition, documents that predate the termination of plaintiff's employment with defendants are irrelevant.

Accordingly, the motion to quash the subpoenas to Knight Security, Island Charter Bus Company and Finest Executive Protection, LLC is denied to the extent the subpoenas seek compensation and benefit information, information concerning the number of hours plaintiff worked for the period after February 3, 2017, documents concerning any decision by a Witness to fire plaintiff after February 3, 2017 and any employment applications or resumes plaintiff submitted after February 3, 2017. The motion to quash the subpoenas to these entities is granted in all other respects.

The Clerk is respectfully requested to mark Docket Item 13 closed.

Dated: New York, New York
August 20, 2018

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel